UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEELA HAWKINS, ET AL. | CIVIL ACTION |
| VERSUS | No. 14-354 |
| NATIONAL HOME INSURANCE COMPANY<br> (A RISK RETENTION GROUP), WILLOW, INC.,<br> AND AMERICAN ARBITRATION ASSOCIATION | SECTION "N"  (3) |
| MICHAEL CUMMINGS, ET AL. | CIVIL ACTION |
| VERSUS | No. 14-449 |
| NATIONAL HOME INSURANCE COMPANY<br> (A RISK RETENTION GROUP), WILLOW, INC.,<br> AND AMERICAN ARBITRATION ASSOCIATION | SECTION "N"  (3) |

## ORDER AND REASONS

Presently before the Court are several motions filed by Defendants National Home Insurance Company (A Risk Retention Group) ("NHIC") and Willow, Inc. (Rec. Docs. 15, 28, 37, 44, 78 and 81).  Having carefully reviewed all of the parties' submissions, applicable law, and the records of these consolidated matters, the Court rules on the motions as stated herein.

With respect to the motions for dismissal filed by Defendants NHIC and Willow, **IT IS ORDERED** that the motions (Rec. Docs. 15, 28, 78, and 81) are **GRANTED** to the extent that dismissal is sought for lack of subject matter jurisdiction.  For the reasons set forth in the memoranda filed by Defendant NHIC (Rec. Docs. 15-1, 28-1, 39, 41 and 60), Plaintiffs' original and amended complaints (Rec. Docs. 1, 7, 24 (No. 14-354); Rec. Doc. 1 (No. 14-449)), do not set forth

a claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1331.[1] Nor have Plaintiffs established the complete diversity of citizenship required for jurisdiction under 28 U.S.C. § 1332. Accordingly, **IT IS ORDERED** that Plaintiffs' claims in these consolidated actions are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED**, however, that Defendant NHIC's motions (Rec. Docs. 37 and 44) seeking to recover attorney's fees and costs from Plaintiffs' counsel, as a monetary sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. §1927, are **DENIED**. Although the Court agrees with Defendants' assertions regarding the absence of subject matter jurisdiction, the Fifth Circuit Court of Appeals, as noted by Defendant NHIC, has not addressed the issue of whether the Liability Risk Retention Act ("LRRA"), 15 U.S.C. § 3901, et seq, gives rise to federal jurisdiction. See Rec. Doc. 39, p.7.

Additionally, as discussed by the court in *Scales v. Memorial Medical Center of Jacksonville, Inc.,* 690 F. Supp. 1002 (M.D. Fla. 1988), certain decisions concerning the LRRA, although seemingly distinguishable, do not expressly identify the basis of subject matter jurisdiction therein. *See also, e.g., Central Claims Service, Inc., v. Claim Professionals Liability Company,* Civil Action No. 10-4762, 2011 WL 3898047 (Sept. 2., 2011) (Lemelle, J.); *National Risk Retention Association v. Brown*, 927 F. Supp. 195 (M.D. La. 1996), *aff'd*, 114 F.3d 1183 (5th Cir. 1997) (unpub.); *Charter Risk Retention Group Insurance Company*, 796 F. Supp. 154 (M.D. Penn. 1992). Nor is the Court convinced, on the showing made, that Plaintiffs' counsel commenced the instant

---

[1] A case "aris(es) under" federal law within the meaning of 28 U.S.C. § 1331 if a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily implicates significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g. Manu.*, 545 U.S. 308, 312 (2005)(citations omitted); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

actions, on Plaintiffs' behalf, for the purpose of harassment, delay, or needlessly increasing litigation costs, rather than in hopes of securing monetary relief for the alleged foundation problems experienced by Plaintiffs. Accordingly, the Court declines to order payment of the monetary sanctions requested by Defendant NHIC. Nevertheless, the Court cautions Plaintiffs' counsel to always carefully consider, under controlling statutes and jurisprudence, whether a contemplated lawsuit falls within the limited subject matter jurisdiction provided to federal courts. See, e.g, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001)(noting that federal courts must presume that a suit lies outside this limited jurisdiction). As explained in the authorities cited by Defendants in their memoranda, a litigant's assertion of an issue of federal law does not always yield federal jurisdiction.

New Orleans, Louisiana, this 24th day of February 2015.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**